DEAN *et al., Appellants,* v. BITTNER.

1.  **Land Titles.** The act of congress of April 29th, 1816, for the confirmation of certain land claims in Louisiana and Missouri, passed to the confirmee the legal title to land confirmed by the report of Recorder Bates, dated February 2nd, 1816.

2.  **Presumption of Death from Absence.** There is no presumption of law that a man who disappeared at an unknown date in the year 1809, was dead on the 29th day of April, 1816.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

This was an action of ejectment brought by Mrs. Virg__ia Christy Dean and her husband, to recover an undivided interest in United States survey 1,927. Mrs. Dean claimed by inheritance from Leon N. St. Cyr. Defendant claimed through a regular chain of conveyances from Hyacynth St. Cyr, father of Leon. He also relied on the statute of limitations, he. and his grantors having been in possession continuously since 1826. Leon N. St. Cyr left his father's house about the year 1809, and was never heard of again. He was supposed to have been drowned in the Mississippi river. On December 28th, 1799, Leon N. St. Cyr presented a petition to Delassus, lieutenant governor of Upper Louisiana, praying for a grant of 400 and some odd arpents, on which a concession of 409 arpents was made in conformity to a survey of Soulard, made March 12th, 1802, under the order of Delassus. On July 16th, 1810, a claim was preferred before the board of commissioners appointed to adjust land claims in Missouri Territory, for confirmation of this claim of Leon N. St. Cyr. Testimony was heard and the claim was rejected. 2 Am. State Papers, 455, 456. On the 2nd of February, 1816, Frederick Bates, recorder of land titles for the Territory of Missouri, made a report to congress, the second part of which contains, as it states, " Confirmations of concessions,

orders or warrants of survey, principally under act of congress of 12th of April, 1814." In this part of the report appears the following entries, (3 Am. State Papers, p. 298):

Concession warrant or order

| | | | | | | |
|---|---|---|---|---|---|---|
| of survey, | . | . | C. D. Delassus, Lieu't Go'r. | | | |
| Survey . | . | . | . | . | . | January 3, 1802. |
| Claimants, | . | . | . | . | . | Leon N. St. Cyr. |
| Land claimed, | . | . | . | . | . | 409 Arpents. |
| Situation, | . | . | . | . | Maline, St. Louis County. | |
| Acts of ownership, | . | . | . | Possession from 1803. | | |
| Opinion of Recorder, | . | . | Confirmed 400 Arpents. | | | |

These facts and others not necessary to be noticed appearing, at the trial, defendant had judgment, from which plaintiffs appealed to the St. Louis court of appeals and thence to this court.

*Henry H. Denison* for appellants.

*M. Kinealy* for respondent.

Hough, C. J.—In the second part of the general report of Frederick Bates, recorder, made February 2nd, 1816, entitled as follows : " Report of the opinions of the recorder of land titles for the Territory of Missouri, etc.: Confirmations of concessions, orders or warrants of survey, principally under act of congress of 12th of April, 1814," the claim of Leon N. St. Cyr for 400 arpents, appears as confirmed. 3 Am. State Papers, pp. 275, 298. We are of opinion that this claim is included in those confirmed by the act of 29th of April, 1816, and described in the second section of that act, as follows : "All claims embraced in the reports of the recorder of land titles acting as commissioner for ascertaining and adjusting the titles and claims to lands in the Territory of Missouri, dated November 1st, 1815, and February 2nd, 1816, where the decision of the commissioner is in favor of the claimants, shall be, and the same are hereby confirmed, to-wit ·  Confirmations

of village claims under the act of congress of 13th June, 1812; grants of the late board of commissioners appointed for ascertaining and adjusting the titles and claims to lands in the territory of Missouri extended by virtue of the act of March 3rd, 1813; grants and confirmations under the several acts of congress, commencing with the act of June 13th, 1812." By the very terms of this act the legal title passed to the confirmee without the aid of a patent. *Aubuchon v. Ames*, 27 Mo. 93; *Langlois v. Crawford*, 59 Mo. 456.

There is no presumption of law that St. Cyr, who disappeared at an unknown date in 1809, was dead at the date of the passage of the act of April 29th, 1816; and if there were, we are of opinion that the act of 1816 passed the title to his legal representatives.

The legal title having passed from the government in 1816, and the defendant, and those under whom he claims, having been in the actual, open, visible and adverse possession of the premises sued for since the year 1826, the action of the plaintiff is barred by the statute of limitations, and the judgment of the court of appeals will be affirmed. The other judges concur.